**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10447 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00384-JGZ |
| v. | |
| CRISTAL MARIA VALENZUELA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Ivan L.R. Lemelle, District Judge, Presiding[**]

Submitted June 18, 2013[***]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Cristal Maria Valenzuela appeals from the district court's judgment and

challenges the 27-month sentence imposed following her guilty-plea conviction for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

importation of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(2)(B); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valenzuela contends that the district court erred by referring to the statutory mandatory minimum during sentencing. Because the court did not "consider[] . . . the mandatory minimum term in fashioning [her] sentence," *United States v. Mejia-Pimental*, 477 F.3d 1100, 1109 (9th Cir. 2007), and referred to it only in the context of noting its inapplicability, the reference was not error.

Valenzuela also argues that the court erred procedurally by presuming the reasonableness of a Guidelines sentence, by failing to show that it understood its sentencing discretion, by failing to consider all of the 18 U.S.C. § 3553(a) factors, by failing to respond adequately to her arguments in mitigation, and by failing to explain its sentence sufficiently. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. We assume that district judges know the law, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and the record makes clear that the court considered the section 3553(a) factors, including Valenzuela's specific arguments in

12-10447

mitigation.  Moreover, the court's explanation of the sentence was adequate.  *See*

*Rita v. United States*, 551 U.S. 338, 359 (2007).

To the extent Valenzuela contends that the district court violated Rule 32 by improperly restricting counsel's opportunity to argue on her behalf, we review the record for plain error, *see United States v. Waknine*, 543 F.3d 546, 553-54 (9th Cir. 2008), and find none.

Finally, Valenzuela argues that her sentence is substantively unreasonable. The district court did not abuse its discretion in imposing her sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).   In light of the totality of the circumstances and the sentencing factors, the bottom-of-the-Guidelines sentence is substantively reasonable.  *See* 18 U.S.C. § 3553(a); *Gall*, 552 U.S. at 51.

**AFFIRMED.**

12-10447